OPINION
{¶ 1} Defendant-appellant, Richard E. Enyart, appeals from judgments of the Franklin County Court of Common Pleas finding him guilty, pursuant to his no contest plea, of multiple counts of rape, gross sexual imposition, pandering sexually oriented matter involving a minor, and illegal use of a minor in nudity-oriented material, in addition to single counts of attempted rape and tampering with evidence. On appeal, defendant assigns a single error pertinent to both cases: *Page 2 
 ASSIGNMENT OF ERROR ONE
 APPELLANT'S PLEA OF NO CONTEST WAS INVOLUNTARY AS THE COURT FAILED TO COMPLY WITH CRIMINAL RULE 11 AS WELL AS THE DUE PROCESS CLAUSES OF THE OHIO AND FEDERAL CONSTITUTIONS.
Because the trial court substantially complied with its obligations under Crim. R. 11 in conducting its no contest plea colloquy with defendant, and the record fails to demonstrate defendant entered the no contest pleas involuntarily, we affirm.
I. Indictments {¶ 2} By indictment filed on August 24, 2007, defendant was charged in case No. 07CR-6170 with ten counts of rape, thirteen counts of gross sexual imposition, eight counts of pandering sexually-oriented matter involving a minor, six counts of illegal use of a minor in nudity-oriented material, and single counts of attempted rape and tampering with evidence. The victims ranged in age from five to twelve at the time of the offenses.
 {¶ 3} A second indictment was filed on December 21, 2007 in case No. 07CR-9135 charging defendant with twelve counts of rape, twelve counts of gross sexual imposition, six counts of pandering sexually-oriented material involving a minor, and four counts of illegal use of a minor in nudity-oriented material. The victims ranged in age from four to eleven at the time of the offenses.
 {¶ 4} Defendant filed motions to suppress some of his statements to police and much of the evidence taken from his home. The trial court conducted a hearing on January 3, 2008, and at the conclusion of the hearing denied the motions. *Page 3 
II. Plea Proceedings {¶ 5} As a result of the trial court's ruling on defendant's motions to suppress, defendant entered a no contest plea in case No. 07CR-6170 to two counts of rape, six counts of gross imposition, one count of pandering sexually-oriented material, one count of attempted rape, four counts of illegal use of a minor in nudity-oriented material, and one count of tampering with evidence; the state requested a nolle prosequi on the remaining counts. In case No. 07CR-9135, defendant entered a no contest plea to twelve counts of rape, twelve counts of gross sexual imposition, six counts of pandering sexually-oriented material involving a minor, and four counts of illegal use of a minor in nudity-oriented material.
 {¶ 6} The trial court conducted a plea hearing. In response to the trial court's initial questions, defendant advised that he was 44 years old and could "read, write, and understand the English language." (Tr. 4.) With respect to the no contest plea forms, the court asked defendant if he reviewed them with his attorney before he signed them, and defendant responded that he had. He also indicated in response to the court's questions that he understood the forms and signed them voluntarily, stating that no one forced him to sign them, threatened him in any way, or promised him anything. When the court inquired whether he signed them of his own free will, defendant stated that he had.
 {¶ 7} The court then asked defendant if he understood that by entering a no contest plea he was waiving constitutional rights, and in particular his right to a jury trial, to remain silent, to have the state prove his guilt beyond a reasonable doubt, to compel the attendance of witnesses on his behalf, to cross-examine witnesses the state *Page 4 
produced, and to appeal. Following separate inquiries as to each of those rights, defendant responded that he understood that he was waiving them in both cases.
 {¶ 8} After receiving defendant's response to questions about waiver of constitutional rights, the court turned to the various counts to which defendant was entering a no contest plea. The court began with Counts 25 and 26 of case No. 07CR-6170 and explained that defendant was pleading no contest to two counts of rape, felonies of the first degree. The court did likewise with each of the counts to which defendant was entering a no contest plea.
 {¶ 9} The trial court then explained to defendant the maximum penalties he could receive on each count, including the possibility that defendant could be ordered to serve the sentences consecutively. After completing its explanation, the trial court asked defendant regarding case No. 07CR-6170, "Do you understand the nature of these charges that you are entering a plea of no contest to and the maximum possible penalties that you face?" (Tr. 10.) Defendant, through counsel, pointed to an error in the court's statement of maximum penalties. Correcting the error, the court again asked defendant whether he understood "the nature of the offenses that you are pleading guilty to and the possible penalties with regard to 07CR-6170?" (Tr. 11.) Defendant responded, "Yes, Your Honor." Id.
 {¶ 10} The trial court proceeded in the same manner regarding the second indictment. The court then asked, "Mr. Enyart, with regard to this indictment, 07CR-12-9135, do you understand the nature of all of these charges that you are changing your plea to and the maximum possible sentences?" and defendant replied, "Yes, Your Honor." (Tr. 17.) Finally, the court asked defense counsel whether anything had been *Page 5 
overlooked, and defense counsel stated, "No. It has been extremely thorough, Your Honor." (Tr. 21.)
 {¶ 11} The trial court also explained the years of post-release control or parole that defendant faced, the potential fines, and the mandatory nature of some of the penalties that left the court with no discretion. The court further advised defendant of the registration requirements resulting from defendant's conviction on the counts to which he entered the no contest pleas.
 {¶ 12} At the conclusion, the court asked defendant if he had "any questions about any of these documents that I have reviewed with you with regard to what they say or how they work, or any questions about any of these offenses to which you are changing your plea with regard to the substance of the offense or the possible penalties involved in any way that you would like to ask either me or your attorney?" (Tr. 19.) Defendant responded, "No, Your Honor." Id. The court asked defendant, "Do you feel that you fully understand these documents?" Id. Again, defendant responded that he did.
 {¶ 13} Following the court's inquiry, the prosecution rendered an extensive recitation of the facts of the various incidents giving rise to the charges in the two indictments. In each instance, the prosecution stated the pertinent facts, the name and age of the victim, the count of the indictment to which they gave rise, and the name of the offense charged in that count of the indictment.
 {¶ 14} After hearing statements from the victims, the trial court sentenced defendant to maximum, consecutive sentences. Defendant appeals, contending his no contest pleas were involuntarily entered, and thus invalid, because the trial court failed to comply with Crim. R. 11. Defendant does not challenge the trial court's strict compliance *Page 6 
with the constitutional aspects of Crim. R. 11. Instead, he contends he was unaware of the nature of the charges to which he was pleading.
III. Assignment of Error {¶ 15} "Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim. R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim. R. 11(C)(2)c)." State v. Veney, ___ Ohio St.3d ___, 2008-Ohio-5200, at ¶ 13. While the trial court must strictly comply with Crim. R. 11 regarding the constitutional notifications listed in it, the trial court need only substantially comply with the non-constitutional provisions of the rule. Id. at ¶ 14-17.
 {¶ 16} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. at ¶ 15, quoting State v.Nero (1990), 56 Ohio St.3d 106, 108. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. (Citations omitted.) To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered." Id.
 {¶ 17} "In determining whether a defendant understood the charge a court should examine the totality of the circumstances." State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 56. For a trial court to determine whether a defendant is making a plea with understanding of the nature of the charge, "it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are *Page 7 
such that the trial court is warranted in making a determination that the defendant understands the charge." State v. Rainey (1982),3 Ohio App.3d 441, 442.
 {¶ 18} Here, the totality of the circumstances demonstrates defendant fully understood the nature of the charges to which he entered a no contest plea. Initially, the court inquired of defendant whether he had reviewed the guilty plea forms with his attorney before signing them. Defendant stated that he had. After reciting the various charges to which defendant was entering his no contest plea, the court inquired of defendant, with respect to each indictment, whether he understood the nature of the charges as well as the possible penalties. Again, defendant replied that he did. When the court inquired whether defendant had any questions about the offenses to which he was entering his plea, he stated he did not.
 {¶ 19} While defendant on appeal suggests the trial court's colloquy was deficient because it failed to include the elements of the various offenses to which defendant entered a no contest plea,Fitzpatrick clarifies that the trial court generally does not need to recite the elements of the offense in order to comply with Crim. R. 11. Indeed, the plea proceedings in defendant's case significantly undermine his contention that he did not understand the nature of the charges, as the court discussed the various offenses to which defendant was entering a no contest plea and the prosecution then extensively recited the facts underlying the counts.
 {¶ 20} Were any questions to linger at that point about defendant's understanding of the nature of the crimes to which he was entering a no contest plea, the trial court addressed that prospect, inquiring at the conclusion of the prosecution's statement, "Before we go any further, do you have any further questions, objections, corrections with *Page 8 
regard to the factual basis for this plea?" (Tr. 39.) Defense counsel stated defendant did not, "subject to the suppression motions previously brought to the Court's attention." (Tr. 39-40.) The court then asked defendant directly whether he took objection or correction to any of the facts recited and defendant responded that he did not. See In reArgo, Muskingum App. No. CT2003-055, 2004-Ohio-4938, at ¶ 31 (stating that "[a] familiarity with the facts alleged relating to each count of the crimes charged is enough to provide the defendant with knowledge of the nature of the crime"). So, too, the no contest plea forms defendant signed further support defendant's understanding of the nature of the offenses to which he entered a no contest plea, indicating defendant "reviewed the facts and law of [his] case with my counsel." SeeState v. Thomas, Franklin App. No. 04AP-866, 2005-Ohio-2389, at ¶ 12;State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399.
 {¶ 21} Nor can defendant rely on the severity of the trial court's sentence to support his claim that he lacked understanding. Defendant, through his attorney, stated, "My client has understood for a long time the sentences that these many offenses carry and that he faces the real possibility of spending the rest of his life in prison." (Tr. 51.)
 {¶ 22} In the final analysis, this record provides no basis to conclude defendant unknowingly or involuntarily entered his no contest plea. The court engaged in an extensive inquiry with defendant regarding the crimes to which he was entering the plea and the maximum penalties, and the court offered defendant multiple opportunities to express any misunderstandings he may have had. The prosecution recited the underlying facts with great detail and related them to the offense and count of the indictment to which they gave rise. Not only did the no contest plea forms indicate review with defense *Page 9 
counsel, but defendant in court admitted he reviewed the document with his attorney and understood it. While the number of charges to which defendant entered no contest pleas was significant, the trial court's method of handling the plea hearing was equally extensive and thorough.
 {¶ 23} Because the record fails to suggest defendant entered his plea other than knowingly, voluntarily, and intelligently, we overrule defendant's single assignment of error and affirm the judgments of the trial court.
Judgments affirmed.
McGRATH, P.J., and TYACK, J., concur. *Page 1