[Cite as *State v. Brandeberry*, 2014-Ohio-3856.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                   Court of Appeals No. L-13-1165

      Appellee                            Trial Court No. CR0200902878

v.

Scott Brandeberry                               **DECISION AND JUDGMENT**

      Appellant                           Decided:  September 5, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Kent Sobran, for appellant.

* * * * *

**YARBROUGH, P.J.**

### I.  Introduction

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common

Pleas, denying appellant's, Scott Brandeberry, post-conviction motion to withdraw his

guilty plea pursuant to Crim.R. 32.1.  We affirm.

## A. Facts and Procedural Background

{¶ 2} Appellant was convicted in Ohio of unlawful sexual conduct with a minor in 2005. As a result of his conviction, he was subject to the reporting requirements for habitual child victim offenders under Ohio's version of the federal Meghan's Law.

{¶ 3} In 2007, the Ohio General Assembly enacted 2007 Am.Sub.S.B. No. 10 ("S.B. 10") to amend Ohio's statutes in order to implement the federal Adam Walsh Act. Those amendments replaced Ohio's version of Meghan's Law, and included a change in the classification scheme and reporting requirements for sex offenders.

{¶ 4} On May 17, 2010, appellant pleaded guilty to one count of failure to verify a current address as required by Ohio's version of the Adam Walsh Act, R.C. 2950.06(A) and (C), a felony of the third degree. He was sentenced to five years in prison, to be served consecutively to a prison term imposed in Arizona.

{¶ 5} Appellant appealed his sentence. During the pendency of the appeal, the Ohio Supreme Court decided in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22, that S.B. 10 could not be applied retroactively to an individual whose sexual offense was committed before the effective date of the legislation. This issue was not raised on appeal, however, and we affirmed appellant's sentence in *State v. Brandeberry*, 6th Dist. Lucas No. L-10-1161, 2011-Ohio-5907. The Ohio Supreme Court denied further review. *State v. Brandeberry*, 131 Ohio St.3d 1485, 2012-Ohio-1143, 963 N.E.2d 825 (Table).

2.

**{¶ 6}** Thereafter, appellant moved to withdraw his guilty plea pursuant to Crim.R. 32.1. Following a hearing, the trial court denied appellant's motion, finding that it lacked jurisdiction to consider the matter.

### B. Assignments of Error

**{¶ 7}** Appellant has timely appealed the judgment denying his motion to withdraw his guilty plea, raising two assignments of error for our review:

> I. APPELLANT'S SENTENCE IS VOID AS A MATTER OF LAW.

> II. THE TRIAL COURT SHOULD HAVE ALLOWED APPELLANT TO WITHDRAW HIS PLEA PURSUANT TO CRIMINAL RULE 32.1 TO CORRECT A MANIFEST INJUSTICE.

### II. Analysis

**{¶ 8}** At the outset, we note that appellant does not separately argue his assignments of error. Thus, we will address them together.

**{¶ 9}** We review a trial court's decision on a motion to withdraw a guilty plea under an abuse of discretion standard. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32. An abuse of discretion connotes that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 10}** Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶ 11}** As a threshold matter, the state argues that the trial court is without jurisdiction to consider appellant's motion to withdraw his guilty plea because his conviction has already been affirmed by this court on appeal. Indeed, the Ohio Supreme Court has held,

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 61-62, quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978); *see also State v. Dority*, 6th Dist. Erie No. E-13-018, 2013-Ohio-5068, ¶ 4.

4.

{¶ 12} In order to avoid this result, appellant argues that his sentence was void. Thus, his motion should be treated as a presentence motion to withdraw a guilty plea. *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, syllabus. Unlike a postsentence motion to withdraw a guilty plea, which requires a showing that it is necessary to correct a manifest injustice, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). In support of his argument, appellant cites *State v. Perryman*, 2013-Ohio-1087, 988 N.E.2d 918, ¶ 26, 29 (6th Dist.), in which we stated that an offender's sentence was void where he was subjected to retroactive application of S.B. 10.

{¶ 13} *Perryman* involved a procedurally similar situation. In that case, Perryman was convicted of rape and gross sexual imposition in 1998. He was classified as a sexually oriented offender under Ohio's version of Meghan's Law. In 2008, after the enactment of S.B. 10, he pleaded no contest to attempted failure to verify in violation of R.C. 2950.06, a felony of the second degree, and was sentenced to four years in prison. He did not appeal. In 2011, Perryman moved to "set aside and vacate" his conviction on the authority of *State v. Williams* and *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753 (holding that the portion of S.B. 10 that required the attorney general to reclassify existing sexual offenders into a new three-tiered system was unconstitutional as a violation of the separation of powers doctrine). The trial court denied his motion, but this court reversed on appeal. Relying on the Second District's decision in *State v. Montgomery*, 2d Dist. Montgomery No. 24450, 2012-Ohio-391, we

5.

held that Perryman's sentence was void because it was based on what was later determined to be the unconstitutional retroactive application of S.B. 10. *Perryman* at ¶ 26, 29. Further, we held that it would be a manifest injustice to continue Perryman's incarceration since it was the retroactive application of S.B. 10 that elevated his offense from what would have been a fifth degree felony to a second degree felony. *Id.* at ¶ 26.

{¶ 14} Despite appellant's urging, our decision in *Perryman* does not compel a similar result here. Although we stated in our decision that Perryman's sentence was void, we treated the sentence as voidable. Indeed, had the sentence been void, there would have been no need to engage in a "manifest injustice" determination because the motion would have been considered a presentence motion, which is to be freely and liberally granted. In addition, the Ohio Supreme Court reiterated two months later that such sentences are merely voidable. In *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 15, the Ohio Supreme Court stated,

> Notwithstanding this court's recent exception for sentencing errors, especially those involving postrelease control, this court has traditionally held that a judgment is void ab initio only when a court acts without subject-matter jurisdiction. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, syllabus. * * * Although the trial court erred in the exercise of its jurisdiction, it did not act without jurisdiction. Therefore, the plea was voidable rather than void.

6.

Here, the trial court had subject-matter jurisdiction to consider appellant's charge of failure to verify. Therefore, we clarify for the purposes of going forward, that a sentence improperly imposed on a defendant pursuant to the retroactive application of S.B. 10 is voidable, not void.

{¶ 15} Because appellant's conviction is not void, and thus this court's subsequent affirmance on appeal is not a nullity, appellant cannot escape the jurisdictional bar to his motion to withdraw his guilty plea as stated in *Ketterer*, *supra*.[1] Therefore, we hold that the trial court did not abuse its discretion when it denied appellant's Crim.R. 32.1 motion to withdraw his guilty plea.

{¶ 16} Furthermore, even if the trial court had jurisdiction to consider appellant's motion to withdraw his guilty plea, there could be no finding of manifest injustice. In *Perryman*, the difference between application of S.B. 10 and Ohio's version of Meghan's Law was the indictment for a second-degree felony instead of a fifth-degree felony. *Perryman*, 2013-Ohio-1087, 988 N.E.2d 918 at ¶ 26. Here, in contrast, appellant's violation would have constituted a felony of the third degree under both Meghan's Law and S.B. 10. In fact, the only difference between the pre- and post-S.B. 10 statutes is that the former required registration with the sheriff within five days, while the latter required

---

[1] We note that *Perryman*'s failure to apply the jurisdictional bar as stated in *Ketterer* is not inconsistent with our result here. In *Perryman*, the defendant never appealed his conviction for attempted failure to verify. *Perryman*, 2013-Ohio-1087, 988 N.E.2d 918 at ¶ 4. Thus, the trial court's vacation of the plea could not undermine a decision of this court since we had never issued a decision.

7.

registration within three days.  R.C. 2950.04(A)(2)(a).  Notably, appellant does not argue that he registered with the sheriff on the fourth or fifth day.  Therefore, under either version of the statute, appellant's actions constituted a third-degree felony.

{¶ 17} Accordingly, appellant's assignments of error are not well-taken.

### III.  Conclusion

{¶ 18} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.         _____

                       JUDGE

Stephen A. Yarbrough, P.J.

                     _____

James D. Jensen, J.            JUDGE
CONCUR.

                     _____

                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.