[Cite as *State v. Panning*, 2016-Ohio-3284.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

         CASE NO. 15-15-11

    v.

BOBBY L. PANNING,

         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-13-05-059

**Judgment Affirmed**

Date of Decision: June 6, 2016

APPEARANCES:

    *Tyler Dunham* **for Appellant**

    *Rachel L. Franklin* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, Bobby L. Panning ("Panning"), brings this appeal from the judgment of the Common Pleas Court of Van Wert County, Ohio, which denied his motion to withdraw a plea of guilty. For the reasons that follow, we affirm the trial court's judgment.

{¶2} In September 2013, Panning entered a plea of guilty to sexual battery, a felony of the third degree in violation of R.C. 2907.03(A)(5). (R. at 44.) The charges and the plea concerned events that occurred over ten years earlier, in October 2002. The trial court found Panning guilty and sentenced him to sixty months in prison, to run consecutively to another sentence that Panning was serving at the time. (R. at 54.) The trial court also classified Panning "as a Tier III sex offender." (*Id.*)

{¶3} Panning appealed, alleging three errors (1) improper classification as a Tier III Sex Offender; (2) improper imposition of consecutive sentences; and (3) ineffective assistance of counsel for failure to bring the two errors to the trial court's attention. *See State v. Panning*, 3d Dist. Van Wert No. 15-13-07, 2014-Ohio-1880, ¶ 1 ("*Panning I*"). We reversed the case on the first two bases and remanded it for resentencing without addressing the ineffective assistance of counsel argument due to it being moot. *Id.* at ¶ 7-19. When the case returned to the trial court, Panning did not deny his desire to plead guilty, although he asserted that the reason for taking the plea was "the simple fact that I was threatened,

saying that if I did not that I would end up going to trial where I would end up getting convicted anyways and spend the rest of my life in prison." (Re-sentencing Hr'g Tr. at 2, Aug. 13, 2014.) The trial court then imposed a sixty-month prison term, and found that Panning was a sexual predator as defined in R.C. 2950.01(E) in effect at that time relevant to the offense. (R. at 81.)

{¶4} Panning appealed again. *See State v. Panning*, 3d Dist. Van Wert No. 15-14-05, 2015-Ohio-1423 ("*Panning II*").[1] This time, the only alleged error concerned a claim of ineffective assistance of counsel at the resentencing hearing due to the counsel's failure to move to withdraw his guilty plea. We overruled the assignment of error, finding "no evidence that Panning had ever asked attorney Gordon to move for a withdrawal of his guilty plea," no evidence that "he wanted to withdraw his plea," and no "grounds for plea withdrawal other than a mere change of heart, which is insufficient." *Id.* at ¶ 11-12. Panning's conviction was thus affirmed.

{¶5} On August 13, 2015, Panning, pro se, filed a motion to withdraw his guilty plea.[2] In support of his motion, Panning alleged that he was coerced and threatened by his trial counsel when he entered the plea. As the alleged coercion

---

[1] We note that a typographical error appears in paragraph one of that decision, indicating that Panning was sentenced to *sixteen* months in prison. *State v. Panning*, 3d Dist. Van Wert No. 15-14-05, 2015-Ohio-1423, ¶ 1. The rest of the opinion correctly states that a sentence of *sixty* months in prison was imposed. That error has no effect on Panning's sentence or on our resolution of the instant appeal.

[2] For the reasons unknown to us, this document has not been assigned a docket number in the trial court and is not listed in the Docket Sheet that was printed on December 12, 2015, and included in the record on appeal. It is, however, included in the docket and bears a file stamp with the date of filing.

and threats, Panning cited his attorney's advice that he would face a harsher sentence if he did not take the deal. (Mot. Withdraw at 2, Aug. 13, 2015.) Panning claimed that there was newly discovered evidence that warranted the plea withdrawal. The alleged newly discovered evidence consisted of notarized statements of his prior and current wife. (*See id.*)

{¶6} The statement of Tonya Kline ("Tonya") concerned the visits of Panning with his children and the location of residence of Panning and Tonya, but it did not refer to Panning's guilt or innocence, or any elements of the crime of sexual battery. (Kline Statement, filed on Aug. 13, 2015.) The statement of Victoria Panning ("Victoria") concerned the meetings with Panning's trial counsel, which occurred in 2013, prior to the entry of the guilty plea. (V. Panning Statement, filed on Aug. 13, 2015.) Victoria attested that in or around June 2013, she provided Panning's trial counsel with information to assist in Panning's defense and that the counsel advised that he would not let Panning take the plea because the State had no evidence. (*Id.*) It further referred to a meeting with the counsel in September 2013, when the trial counsel advised Panning to take the deal, "otherwise Mr. Panning would be spending the rest of his life in prison." (*Id.*) Neither affidavit referred to any *newly* discovered evidence or showed proof of threat or coercion prior to entering the guilty plea by Panning.

**{¶7}** The trial court denied the motion to withdraw plea for lack of jurisdiction, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), which held that

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id.* at 97-98.

**{¶8}** Panning appeals and alleges that the above rule does not apply to his case because of his assertion of newly discovered evidence. His assignment of error states,

> **The trial court erred in its dismissal of Appellant's Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1 for a lack of jurisdiction.**

**{¶9}** Panning relies on an exception from the general rule, which was pronounced in *Special Prosecutors*,

> the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction.

*Id.* at 97. This exception does not apply here because Panning did not raise a collateral issue in the trial court, but attempted to challenge his conviction, which was in direct conflict with the judgment of the court of appeals.

{¶10} Panning also cites *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, which distinguished *Special Prosecutors* in a case that involved a motion for a new trial, rather than a motion to withdraw a plea. In *Davis*, the Ohio Supreme Court held that "a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *Id.* at ¶ 37. This holding does not warrant reversal in the instant case, which does not concern a motion for new trial or newly discovered evidence that was unavailable to Panning at the time of his entry of his guilty plea. Indeed, the facts to which Tonya and Victoria attested, such as location of Panning and Tonya's residence, where the visitations with the children occurred, and advice Panning received from his counsel, were all known to Panning at the time of his plea and at the time of his prior appeals. *See Panning*, 3d Dist. Van Wert No. 15-14-05, 2015-Ohio-1423, at ¶ 3-5.

{¶11} For the foregoing reasons, we overrule the assignment of error.

### *Conclusion*

{¶12} Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and

argued.  The judgment of the Common Pleas Court of Van Wert County, Ohio is therefore affirmed.

**_Judgment Affirmed_**

**SHAW, P.J. and ROGERS, J., concur.**

**/hls**