[Cite as *State v. Enyart*, 2018-Ohio-1071.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-507 |
| v. | : | (C.P.C. No. 07CR-9135) |
| Richard E. Enyart, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 23, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee. **Argued:** *Steven L. Taylor.*

**On brief:** *Law Office of Eric J. Allen, LTD*, and *Eric Allen*, for appellant. **Argued:** *Eric Allen.*

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Richard E. Enyart, appeals from a judgment of the Franklin County Court of Common Pleas denying appellant's motion to withdraw his no contest plea. For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This court set out the facts and procedural history underlying this appeal in *State v. Enyart*, 10th Dist. No. 08AP-184, 2010-Ohio-5623:

> On August 24, 2007 the state indicted defendant on 13 counts of gross sexual imposition, six counts of illegal use of a minor in nudity oriented material or performance, eight counts of pandering sexually orientated material involving a minor, ten counts of rape, one count of attempted rape, and one count of

tampering with evidence. The state subsequently indicted defendant on December 21, 2007 for 12 counts of gross sexual imposition, four counts of illegal use of a minor in nudity orientated material or performance, 12 counts of rape, and six counts of pandering sexually orientated material involving a minor. The victims of the offenses were girls between the ages of five and 12 years old.

[O]n August 11, 2007 * * * four neighborhood sisters, ages seven to 13, went swimming at defendant's home. After swimming, the two older girls, ages ten and 13, went into defendant's bathroom to change out of their swim suits and back into their street clothes. * * *

After getting dressed, the oldest girl noticed a video camera, covered with towels, on the toilet seat. She knew the camera was operating because she could see herself move in the opened LED screen attached to the recorder, and she brought her younger sister in to see the camera. The [girls] immediately went home and advised their mother of what they saw in defendant's bathroom * * *.

* * * The girls' mother called police and * * * awaited law enforcement's arrival [and] informed the arriving officers which house was defendant's residence and gave them defendant's address.

* * * Officers Edly and Waldenga * * * knocked loudly several times on front and side doors in an attempt to speak with defendant, announced they were Columbus police, but received no response. * * *

Detective David Phillips of the sexual assault squad * * * determined that it was critical that [h]e recover this camera before there was any opportunities to destroy[] the evidence. * * *

* * *

Officers entered the house through an unlocked side door; they were in the house three to five minutes and exited the house with only defendant. * * * Officers then took the defendant to police headquarters to interview him while other officers secured the scene until police obtained a search warrant.

> \* \* \* A Franklin County Municipal Court judge signed the warrant that authorized officers to search defendant's residence \* \* \*.
>
> When the officers executed the search warrant that evening, they seized numerous digital video disks ("DVDs") and VHS cassette tapes, DVD players, and a book about calculation of drug dosages. The videos revealed defendant "performing sexual acts on children who seemed to be not conscious." \* \* \* One of the first DVDs the officers watched depicted defendant engaging in sexual conduct with a five to six-year-old child. Based on the incriminating DVDs and tapes, police obtained another search warrant and re-arrested defendant.
>
> Defendant filed three motions to suppress in the trial court. \* \* \* The third motion sought to suppress the evidence taken from defendant's home; it alleged police had no probable cause to support the unconstitutionally overbroad search warrant. \* \* \* The trial court denied all three motions.

*Id.* at ¶ 2-12.

{¶ 3} Following the trial court's ruling on his motions to suppress, appellant pleaded no contest to the charges in the indictment. The trial court found defendant guilty on all charges and imposed maximum, consecutive sentences. Appellant appealed to this court arguing that his plea was involuntary and that the trial court failed to comply with Crim.R. 11 in accepting his plea. This court affirmed appellant's convictions in *State v. Enyart*, 10th Dist. No. 08AP-184, 2008-Ohio-6418. However, on July 6, 2009, we granted appellant's motion to reopen his appeal to consider the following alleged error: "appellate counsel's failure to assign as error the trial court's decision denying defendant's motion to suppress evidence from the warrantless entry to his home." *State v. Enyart*, 2010-Ohio-5623, at ¶ 14. This court then determined that "[b]ecause the trial court properly denied defendant's motions to suppress the evidence taken from defendant's home, we overrule defendant's assigned errors and, pursuant to App.R. 26(B)(9), we confirm our prior judgments affirming the trial court." *Id.* at ¶ 43.

{¶ 4} The record shows that appellant has also petitioned the trial court for post-conviction relief, but the trial court denied the petition. A federal district court

subsequently denied appellant's application for a writ of habeas corpus, from which there has been no appeal.  *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D.Ohio 2014).

{¶ 5}  On April 9, 2017, appellant filed his motion to withdraw his no contest plea pursuant to Crim.R. 32.1.  In his motion, appellant claims he has recently discovered certain evidence which proves that on August 11, 2007, the date of his arrest, police illegally searched his home hours before they served appellant with the search warrant.  Specifically, appellant claims a photograph of a clock inside his home taken by police during the search shows the time as 7:40 p.m., but police did not serve the warrant until 8:30 p.m.  According to appellant, this newly discovered evidence shows the trial court erred when it denied his motion to suppress the evidence uncovered in the search of his home in 2007, and his subsequent conviction on his no contest plea was a manifest injustice.

{¶ 6}  In opposition to the motion, the state argued res judicata barred appellant's claims, and, alternatively, appellant's self-serving affidavit was insufficient to justify relief from his plea.  The trial court denied appellant's motion, without a hearing, on finding appellant "failed to meet his burden of demonstrating manifest injustice," the motion was filed "over nine years after * * * his no contest plea," and "the arguments contained in the State's Memorandum Contra [are] persuasive."  (June 19, 2017 Decision at 2.)

{¶ 7}  Appellant timely appealed to this court from the trial court's judgment.

## II.  ASSIGNMENT OF ERROR

{¶ 8}  Appellant sets forth a single assignment of error as follows:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

## III.  STANDARD OF REVIEW

{¶ 9}  Crim.R. 32.1 permits a motion to withdraw a guilty or no contest plea " 'only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' "  *State v. Lowe*, 10th Dist. No. 14AP-481, 2015-Ohio-382, ¶ 6, citing *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5.  " 'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' "  *Lowe* at ¶ 6, quoting *Williams* at ¶ 5.

Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Honaker*, 10th Dist. No. 04AP-146, 2004-Ohio-6256, citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 10} A motion made, pursuant to Crim.R. 32.1, is generally addressed to the sound discretion of the trial court. *Lowe* at ¶ 7, citing *Smith* at paragraph two of the syllabus. Accordingly, an appellate court will ordinarily not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion. *State v. Frye*, 10th Dist. No. 14AP-988, 2015-Ohio-3012, ¶ 7, citing *Lowe* at ¶ 6, citing *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 5.

{¶ 11} This court, however, reviews questions of law under a de novo standard. *Frye* at ¶ 8. *See also EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, ¶ 15 (10th Dist.); *Prairie Twp. Bd. of Trustees v. Ross*, 10th Dist. No. 03AP-509, 2004-Ohio-838, ¶ 12. For example, in determining a trial court's subject-matter jurisdiction, we employ a de novo standard of review as that determination is a question of law. *State v. West*, 10th Dist. No. 15AP-858, 2016-Ohio-7864. Furthermore, an appellate court may review, sua sponte, a trial court's jurisdiction to entertain a motion to withdraw a plea and that review is de novo. *State v. Vild*, 8th Dist. No. 87742, 2007-Ohio-987, ¶ 12.

## IV. LEGAL ANALYSIS

{¶ 12} In appellant's assignment of error, appellant contends the trial court abused its discretion when it denied his motion to withdraw his no contest plea. For the reasons that follow, however, we find the trial court lacked subject-matter jurisdiction to entertain appellant's motion to withdraw his plea of no contest.

{¶ 13} In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978), the trial court granted the defendant's motion to withdraw a guilty plea, pursuant to Crim.R. 32.1, after the conviction and sentence, based on the plea, had been affirmed on appeal. The state failed to perfect an appeal to the court of appeals from this judgment of the trial court. Pursuant to the judgment permitting the withdrawal of defendant's plea of guilty, defendant was re-arraigned, and trial was set for December 7, 1977. On November 16, 1977, plaintiffs, special prosecutors appointed in the trial court, filed a complaint in prohibition with the court of appeals alleging the trial court lacked jurisdiction to permit the withdrawal of defendant's plea. The Supreme Court of Ohio

granted a writ of prohibition to prevent the trial from proceeding.  In so doing, the court stated:

> [T]he trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea.  The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment.  Accordingly, we find that the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision.
>
> * * * *Crim.R.32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court.  While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.*  Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial.

(Emphasis added.)  *Id.* at 97-98.  *See also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 61-62 (trial court lacked jurisdiction to consider motion to withdraw guilty plea where convictions were affirmed but the case remanded for limited purposes of resentencing on non-capital offenses); *State v. Beal*, 7th Dist. No. 11 BE 4, 2012-Ohio-1408, ¶ 26, quoting *State v. Harack*, 197 Ohio App.3d 157, 2011-Ohio-6021, ¶ 12 (12th Dist.) (" 'Ohio case law is clear that a defendant cannot petition the trial court to withdraw his past plea on manifest injustice grounds when that defendant has appealed his conviction and such conviction has been affirmed by an appellate court.' "); *West* at ¶ 27, quoting *Special Prosecutors* at 98 (Crim.R. 32.1 " 'does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court' ").  *See also Smith v. Buchanan*, 138 Ohio St.3d 364, 2014-Ohio-459; *State v. Becraft*, 2d Dist. No. 2016-CA-9, 2017-Ohio-1464; *State v. Panning*, 3d Dist. No. 15-15-11, 2016-Ohio-3284; *State v. Childers*, 4th Dist. No. 17CA5, 2018-Ohio-26; *State v. Long*, 5th Dist. No. 15CA93, 2016-

Ohio-671; *State v. Brandeberry*, 6th Dist. No. L-13-1165, 2014-Ohio-3856; *State v. Smith*, 7th Dist. No. 14 MA 65, 2015-Ohio-4809; *State v. Williams*, 8th Dist. No. 103144, 2016-Ohio-2629; *State Summit Ohio v. Davie*, 9th Dist. No. 27961, 2016-Ohio-2816; *State v. Gegia*, 11th Dist. No. 2003-P-0026, 2004-Ohio-1441; *State v. Kwambana*, 12th Dist. No. CA2016-08-060, 2017-Ohio-1406. *But see State v. West*, 1st Dist. No. C-150587, 2017-Ohio-5596; *State v. Lauharn*, 2d Dist. No. 2011 CA 10, 2012-Ohio-1572; *State v. Staffrey*, 7th Dist. No. 10 MA 130, 2011-Ohio-5760.

{¶ 14} In *West*, 2016-Ohio-7864, appellant pleaded guilty to one count of aggravated burglary, one count of aggravated robbery with a three-year firearm specification, and one count of rape. The trial court scheduled the sentencing hearing for May 25, 2011, but on May 20, 2011, appellant filed a motion to withdraw his plea. On May 25, 2011, the trial court conducted an oral hearing to address the motion to withdraw the guilty plea. The trial court denied the motion and sentenced appellant to a prison term of 33 years. Appellant appealed to this court. This court affirmed appellant's conviction and sentence in *State v. West*, 10th Dist. No. 11AP-548, 2012-Ohio-2078.

{¶ 15} On April 1, 2015, appellant filed a second motion to withdraw his plea. The trial court determined it did not have jurisdiction to entertain appellant's motion because this court had previously affirmed appellant's conviction and sentence based on the plea. In his subsequent appeal to this court, appellant argued that *Special Prosecutors* does not bar motions to withdraw a guilty plea filed after the court of appeals has affirmed the conviction when the movant relies on newly discovered evidence. This court, in *West*, 2016-Ohio-7864, rejected appellant's argument and held, pursuant to *Special Prosecutors*, the trial court lacked jurisdiction to grant appellant's motion to withdraw his plea after this court affirmed the conviction. In so holding, we noted "[h]aving found that the trial court lacked jurisdiction, the arguments regarding res judicata and manifest injustice become effectively moot." *West*, 2016-Ohio-7864, at ¶ 30.

{¶ 16} As noted above, this court affirmed appellant's conviction and sentence in his direct appeal. *Enyart*, 2008-Ohio-6418. Though this court subsequently granted appellant's motion to reopen his appeal, we overruled appellant's assigned errors and confirmed our prior judgment in *Enyart*, 2010-Ohio-5623. Thus, the trial court never regained jurisdiction of this matter following appellant's appeal from the trial court's

original judgment of conviction and sentence. In light of the decision of the Supreme Court in *Special Prosecutors,* and the decision of this court in *West*, 2016-Ohio-7864, the trial court did not have jurisdiction of appellant's motion to withdraw his plea of no contest in this case because this court previously affirmed appellant's conviction and sentence based on that plea.

{¶ 17} For the foregoing reasons, we hold the trial court did not err when it denied appellant's motion to withdraw his plea, albeit for different reasons than those cited by the trial court.[1] Appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 18} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————————

[1] Though our jurisdictional determination renders moot the trial court's determination that res judicata barred appellant's motion to withdraw his plea, the record supports that ruling. For example, while appellant claims he did not see the photos taken of the inside of his home until he was provided them by his current counsel, he acknowledges the state provided his original trial counsel with copies of the photographs in discovery, including the particular photograph at issue. He also admits that "during the suppression hearing * * * [h]e advised his attorney that the officers were lying about when they were in the house." (Appellant's Aff. at ¶ 9.) The state has also pointed out photographs taken inside appellant's home on August 11, 2007 were marked as exhibits at appellant's sentencing hearing on February 4, 2008. (Feb. 4, 2008 Tr. at 44.) Thus, the record shows appellant has not produced newly discovered evidence to support his motion to withdraw his plea, and he had the opportunity to make the argument at his suppression hearing that he now makes in his motion to withdraw his plea.