[Cite as *State v. Lowe*, 2015-Ohio-382.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-481 |
| v. | : | (C.P.C. No. 07CR-4388) |
| Louis N. Lowe, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on February 3, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*Louis N. Lowe*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Louis N. Lowe, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm the judgment of the trial court.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 21, 2007, a Franklin County Grand Jury indicted appellant on one count of aggravated murder with a firearm specification and one count of having a weapon under disability.  On May 15, 2009, appellant entered a plea of guilty to murder, in violation of R.C. 2903.02, with a three-year firearm specification.  The trial court dismissed the weapon under disability charge.  The parties jointly recommended a sentence of 15 years to life, consecutive to the three-year firearm specification.  The trial

court followed the recommendation and journalized a judgment of conviction and sentence on that same date.

{¶ 3}   Appellant did not file a direct appeal from that judgment.  Appellant, however, did seek postconviction relief pursuant to R.C. 2953.21.  On March 9, 2010, appellant filed an amended postconviction petition in the trial court setting forth ten grounds on which appellant claimed he was entitled to relief.  The trial court dismissed appellant's petition without a hearing.  This court affirmed the decision of the trial court in *State v. Lowe*, 10th Dist. No. 10AP-584, 2011-Ohio-3996.

{¶ 4}   Thereafter, on April 1, 2014, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.  On June 16, 2014, the trial court denied appellant's motion for the stated reason that appellant "failed to raise the alleged error on direct appeal and it is, therefore, now barred by res judicata."  Appellant filed a timely notice of appeal to this court on June 24, 2014.

## II.  ASSIGNMENTS OF ERROR

{¶ 5}   Appellant's assignments of error are as follows:

> [I.]  The Trial Court failed during the change of plea hearing to inform Appellant of the right to confront his accusers and to have his attorney cross examine them, and the right to testify on his behalf.

> [II.]  The Trial Court erred and abused its discretion when it denied Appellant's Motion to Withdraw his Guilty Plea as being barred by res judicata.

> [III.]  The Trial Court erred when it denied Appellant's Motion to Withdraw His Guilty Plea after a review of the record (transcripts), thus Appellant was not informed about Post Release Control or the consequence for a violation of Post Release Control rendering guilty plea void, thus not entering in a knowingly, voluntarily, or intelligently manner.

## III.  STANDARD OF REVIEW

{¶ 6}   Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5.  "Manifest injustice

relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *Id.*

{¶ 7}  A motion made pursuant to Crim.R. 32.1 is generally addressed to the sound discretion of the trial court.  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.  Accordingly, an appellate court will ordinarily not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion.  *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 5.  However, the question whether res judicata bars claims raised in a motion to withdraw a guilty plea is a question of law.  *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 11.  We review questions of law under a de novo standard.  *Id.*, citing *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, ¶ 15 (10th Dist.); *Prairie Twp. Bd. of Trustees v. Ross*, 10th Dist. No. 03AP-509, 2004-Ohio-838, ¶ 12.

## IV.  LEGAL ANALYSIS

### A.  First and Second Assignments of Error

{¶ 8}  The arguments made by appellant in his first and second assignments of error are closely related.  Accordingly, we will consider appellant's first and second assignments of error together.

{¶ 9}  In appellant's first assignment of error, appellant claims the trial court erred when it denied his motion to withdraw his guilty plea inasmuch as the trial court failed to inform him that he was waiving certain constitutional rights by pleading guilty.  More specifically, appellant claims that the sentencing judge failed to orally inform him that a guilty plea constitutes a waiver of his right to confront his accusers and his right to testify in his own defense.  In his second assignment of error, appellant contends the trial court erred when it ruled that res judicata barred each of the claims raised in appellant's motion to withdraw his guilty plea.

{¶ 10}  "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.)  *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  This court

has consistently held that res judicata bars a defendant from raising claims in a post-sentence motion to withdraw his guilty plea that were either raised or could have been raised in a direct appeal from the judgment of conviction and sentence. *State v. Nooks*, 10th Dist. No. 14AP-344, 2014-Ohio-4828, citing *Muhumed*. *See also State v. Oluoch*, 10th Dist. No. 07AP-45, 2007-Ohio-5560, ¶ 28; *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 6.

{¶ 11} When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid under a presumption that it was entered involuntarily and unknowingly. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748. Had appellant filed a timely notice of appeal to this court from the 2009 judgment of conviction and sentence, this court would have been required to review the trial transcript to determine whether the trial court complied with Crim.R. 11(C)(2)(c) in accepting appellant's guilty plea. *See Clark*; *Muhumed*. Because appellant failed to appeal the judgment of conviction and sentence, the judgment became final, and res judicata barred appellant from subsequently raising the alleged errors in a Crim.R. 32.1 motion to withdraw his guilty plea. *Nooks*; *Muhumed*. For this reason, appellant's first and second assignments of error are overruled.

## B. Third Assignment of Error

{¶ 12} In his third assignment of error, appellant contends the trial court erred when it denied his motion to withdraw his guilty plea inasmuch as the sentencing judge failed to personally inform him that he was subject to a mandatory term of post-release control.[1] Our review of the May 19, 2009 sentencing entry reveals that the sentencing court did not impose a term of post-release control.

{¶ 13} An individual sentenced for murder is not subject to post-release control because that crime is an unclassified felony to which the post-release control statute does not apply. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 10; R.C. 2967.28. While the doctrine of res judicata may not bar a claim that the sentencing court failed to provide proper notice of post-release control, we need not address the merits of that claim because post-release control was not imposed on appellant. In short, the record here does

---

[1] A certified transcript of appellant's May 2009 plea hearing is not part of the record in this appeal.

not support the claimed error.  Accordingly, appellant's third assignment of error is overruled.

## V. CONCLUSION

{¶ 14} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____