[Cite as *State v. Enyart*, 2023-Ohio-3373.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-645 |
| v. | : | (C.P.C. No. 07CR-9135) |
| Richard E. Enyart, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 21, 2023

**On brief:** [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Darren M. Burgess* for appellee. **Argued:** *Darren M. Burgess.*

**On brief:** *The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen* for appellant. **Argued:** *Eric J. Allen.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Richard E. Enyart, appeals from the October 13, 2022 judgment of the Franklin County Court of Common Pleas denying his second motion to withdraw his no contest plea. Because we find the trial court erred in concluding it lacked jurisdiction to consider that motion, we reverse its judgment and remand this matter to the trial court for further proceedings consistent with this decision.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} In 2007, plaintiff-appellee, the State of Ohio, charged Mr. Enyart with numerous sexually oriented felony offenses involving multiple minors and a single count of tampering with evidence in two different case numbers. He was charged with 39 counts in

case No. 07CR-6170 on August 24, 2007 (the "first case") and 34 additional counts in case No. 07CR-9135 on December 21, 2007 (the "second case").

{¶ 3} We need not belabor the nature of these offenses, as it is not relevant to the issues before us in this case. Suffice it to say that the facts supporting these charges came to light on August 11, 2007, when minor children living in Mr. Enyart's neighborhood discovered they were being surreptitiously recorded in Mr. Enyart's bathroom after swimming in his pool. Their mother called the police, and officers from the Columbus Police Department ("CPD") responded to investigate. To mitigate against the destruction of evidence, officers entered Mr. Enyart's home without a warrant and detained him, claiming exigency, until a search warrant could be obtained. During its execution, officers seized, among other things, incriminating videos of Mr. Enyart engaging in sexual acts with minor children, which resulted in his arrest. The general facts and procedural history preceding the matter before us are further laid out in *State v. Enyart*, 10th Dist. No. 08AP-184, 2008-Ohio-6418 ("*Enyart I*"), *State v. Enyart*, 10th Dist. No. 08AP-184, 2010-Ohio-5623 ("*Enyart II*"), and *State v. Enyart*, 10th Dist. No. 17AP-507, 2018-Ohio-1071 ("*Enyart III*").

{¶ 4} In November 2007, Mr. Enyart filed three motions to suppress. As we explained in *Enyart II*:

> The first sought to suppress any evidence derived from the initial warrantless entry into [Mr. Enyart's] residence. [Mr. Enyart] argued that because no exigent circumstances justified the officers' entry into the home, they violated [Mr. Enyart's] Fourth Amendment rights. The second motion sought to suppress [Mr. Enyart's] statements made to police following his second arrest. [Mr. Enyart] asserted police elicited those statements in violation of [his] Fifth Amendment rights under *Miranda v. Arizona* (1966), 384 U.S. 436 * * * and *Edwards v. Arizona* (1981), 451 U.S. 477 * * *. (R. 25.) The third motion sought to suppress the evidence taken from [Mr. Enyart's] home; it alleged police had no probable cause to support the unconstitutionally overbroad search warrant. (R. 28.)

*Id*. at ¶ 12. On January 3, 2008, the trial court held a full evidentiary hearing on Mr. Enyart's three motions. The state called five CPD law enforcement officers to testify about their collection of evidence and interview of Mr. Enyart. At the conclusion of that hearing,

the trial court announced from the bench its denial of all three motions. (Jan. 3, 2008 Tr. at 76-80, 177-84.)

{¶ 5} On February 4, 2008, Mr. Enyart pled no contest to 19 counts in case No. 07CR-6170 and the state requested a nolle prosequi on the remaining 20 counts. *Enyart I* at ¶ 5. He also entered a no contest plea to all 34 counts charged in case No. 07CR-9135. *See id.* The trial court immediately proceeded to sentencing in both cases. Pursuant to Mr. Enyart's no contest pleas, the trial court found Mr. Enyart guilty on all 53 charges and imposed maximum, consecutive prison sentences. *Enyart II* at ¶ 13; *Enyart I* at ¶ 14.

## A. Prior Post-Sentence Proceedings

{¶ 6} On direct appeal, Mr. Enyart contended that his no contest pleas in both cases were involuntary and argued the trial court failed to comply with Crim.R. 11 in accepting them. *See Enyart I.* We overruled his single assignment of error and affirmed his convictions. However, in 2009, we granted Mr. Enyart's application to reopen his appeal based on a claim of ineffective assistance of appellate counsel. *See Enyart II* at ¶ 14. Although Mr. Enyart alleged numerous potential errors, we agreed to consider just one in that case: "appellate counsel's failure to assign as error the trial court's decision denying [Mr. Enyart's] motion to suppress evidence from the warrantless entry to his home." *Id.* Ultimately, we overruled that assigned error because we found the trial court properly denied Mr. Enyart's motion to suppress evidence taken from his home. *See id.* at ¶ 43.

{¶ 7} In April 2017, Mr. Enyart filed his first motion to withdraw his no contest plea pursuant to Crim.R. 32.1. In support, he claimed to have recently discovered evidence proving that "police illegally searched his home hours before they served [him] with the search warrant." *Enyart III* at ¶ 5. We summarized his contentions as follows:

> Specifically, [Mr. Enyart] claims a photograph of a clock inside his home taken by police during the search shows the time as 7:40 p.m., but police did not serve the warrant until 8:30 p.m. According to [Mr. Enyart], this newly discovered evidence shows the trial court erred when it denied his motion to suppress the evidence uncovered in the search of his home in 2007, and his subsequent conviction on his no contest plea was a manifest injustice.

*Enyart III* at ¶ 5. Mr. Enyart thus accused the officers who testified at his January 2008 suppression hearing of perjuring themselves. (*See* Apr. 9, 2017 Mot. to Withdraw at 17-19.)

{¶ 8}    After the trial court denied his first motion to withdraw his no contest plea in June 2017, Mr. Enyart appealed from that judgment to this court in *Enyart III*. On review, we found that because Crim.R. 32.1 does not vest jurisdiction in a trial court to maintain and determine a motion to withdraw a plea subsequent to an appeal and an affirmance by the appellate court—which occurred in this case—the trial court did not have jurisdiction to entertain Mr. Enyart's 2017 motion to withdraw his no contest plea. *See Enyart III* at ¶ 12-18, applying *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978) and *State v. West*, 10th Dist. No. 15AP-858, 2016-Ohio-7864. Accordingly, we held the trial court did not err in denying Mr. Enyart's motion to withdraw his no contest plea, overruled his assignment of error, and affirmed the judgment. *See id.*

### B.  Procedural Posture Underlying this Appeal

{¶ 9}    At issue in this case is the trial court's denial of Mr. Enyart's second motion to withdraw his no contest plea.

{¶ 10}   On May 3, 2022, Mr. Enyart filed a second motion to withdraw his no contest plea pursuant to Crim.R. 32.1. Like his 2017 motion, the focus of this second motion was the manner in which evidence was obtained from his home. As to that issue, the trial court found in 2008 that exigent circumstances supported the officers' warrantless entry into Mr. Enyart's home (Tr. at 180-83), and we affirmed that finding in *Enyart II*. *See Enyart II* at ¶ 17-28.

{¶ 11}   In his 2022 motion to withdraw his no contest plea, Mr. Enyart accused the trial prosecutor and/or CPD of withholding "large parts of the police file" to "influence the outcome of the suppression hearing." (May 3, 2022 Mot. to Withdraw Plea at 2-3, 12, 15-24.) On the one hand, Mr. Enyart claimed the trial prosecutor failed to produce "the entirety of its file" to defense counsel before the January 2008 suppression hearing. (*Id.* at 12. *See also id.* at 14.) On the other, he conceded he does not actually know what materials his trial counsel received from the state because his trial counsel has never given him a copy of the trial discovery. (*See id.* at 12-14.) Mr. Enyart only recently obtained "the entire case file," he explained, "[a]s part of a civil settlement" and through a public records request. (*See id.* at 2, 12-13.)

{¶ 12} Just as he did in 2017, Mr. Enyart again premised his 2022 motion to withdraw his no contest plea on evidence contained in the CPD's file, which he

characterized as newly discovered evidence. (May 3, 2022 Mot. to Withdraw Plea at 12-24.) And, once again, Mr. Enyart accused the officers who testified at the 2008 suppression hearing of perjury and committing fraud on the court. (*See, e.g.*, *id*. at 12-13, 21.) The focus of his argument in the 2022 motion, and now on appeal, is the timing preceding the officers' warrantless entry into his home on August 11, 2007. Mr. Enyart proposes that the "newly discovered" evidence tendered with his 2022 motion supports his claim that the officers arrived at the scene hours before the time they testified to arriving during the suppression hearing. (*Id*. at 13, 21-22.) And he presumes that, had the trial court been told the officers arrived at the scene hours earlier, it would have found exigent circumstances did not justify the officers' warrantless entry into Mr. Enyart's home and granted his suppression motion. (*See, e.g.*, *id*. at 13-23.) For this reason, Mr. Enyart believes he should be permitted to withdraw his no contest plea more than 15 years after it was entered and he was sentenced.

{¶ 13} On October 13, 2022, the trial court issued a judgment entry denying Mr. Enyart's second motion to withdraw his no contest pleas. Relying on this court's holding in *Enyart III*, the trial court found it lacked jurisdiction to consider Mr. Enyart's motion.[1]

{¶ 14} Mr. Enyart timely appealed from that judgment and asserts the following two assignments of error for our review:

> [I.] THE TRIAL COURT ERRED IN DENYING [MR. ENYART'S] MOTION TO WITHDRAW [PLEA].
>
> [II.] THE JUDG[]MENT IS VOID BECAUSE IT IS BASED UPON FRAUD.

## II. ANALYSIS

### A. First Assignment of Error

{¶ 15} In his first assignment of error, Mr. Enyart argues the trial court erred in denying his post-sentence motion to withdraw his no contest plea.

### 1. Applicable Law and Standard of Review

{¶ 16} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed." However, even after a sentence has been

---

[1] The trial court also granted the state's motion to strike and ordered Mr. Enyart's June 29, 2022 reply and affidavit be stricken from the record. Mr. Enyart does not attribute error to that ruling on appeal, so we will not address it.

imposed, a trial court "may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" if it finds such action is necessary "to correct manifest injustice." *See* Crim.R. 32.1. *See also Enyart III* at ¶ 9.

{¶ 17} "Manifest injustice" is defined as a " 'fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Lowe*, 10th Dist. No. 14AP-481, 2015-Ohio-382, ¶ 6, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. "It has also been defined as 'a clear or openly unjust act,' which exists only in extraordinary cases." *State v Cottrell*, 8th Dist. No. 95053, 2010-Ohio-5254, ¶ 15, citing *State v. Owens*, 8th Dist. No. 94152, 2010-Ohio-3881, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998).

{¶ 18} Accordingly, a post-sentence withdrawal of a guilty or no contest plea is permissible only in extraordinary cases under the manifest injustice standard. *State v. Honaker*, 10th Dist. No. 04AP-146, 2004-Ohio-6256, ¶ 7, citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 15, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.

{¶ 19} We review a trial court's denial of a post-sentence motion to withdraw a guilty or no contest plea under the abuse of discretion standard. *Straley* at ¶ 15, citing *Smith* at paragraph two of the syllabus, and *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. We address questions of law, however, under a de novo standard of review. *See, e.g.*, *Enyart III* at ¶ 11. Whether a trial court has subject-matter jurisdiction to entertain a post-sentence motion to withdraw a no contest plea is a question of law. *See id.*

### 2. Analysis

{¶ 20} In this appeal, the parties focus their arguments on the import of our 2018 decision in *Enyart III*. In that case, we disregarded the parties' abuse of discretion arguments regarding the trial court's denial of Mr. Enyart's 2017 motion to withdraw his no contest plea and instead considered, sua sponte, whether the trial court had subject-matter jurisdiction to entertain a motion to withdraw pursuant to Crim.R. 32.1. *See Enyart III* at ¶ 11-12. Relying on the holding of *Special Prosecutors*, we held it did not. *Id*. at ¶ 13-17.

{¶ 21} Thus, when Mr. Enyart filed his second post-sentence motion to withdraw his no contest plea in 2022, the trial court reasonably relied on *Enyart III* to conclude it lacked subject-matter jurisdiction to entertain that motion. (Oct. 13, 2022 Decision and Entry at 3-4.) And, of note, Mr. Enyart did not provide the trial court with any binding legal authority that postdates *Enyart III* to explain why our reasoning in *Enyart III* would not dictate that conclusion. In opposing Mr. Enyart's 2022 motion, the state generally relied on res judicata and the law of the case doctrine to argue his motion should be denied. The state also contended that Mr. Enyart's claim of newly discovered evidence was unsubstantiated. On appeal, the state makes the same arguments.

{¶ 22} It is a well-settled principle of appellate law that appellate courts will not make legal arguments for an appellant. *See, e.g.*, *Gianetti v. Teakwood, Ltd.*, 10th Dist. No. 15AP-413, 2016-Ohio-213, ¶ 30. At the same time, it is axiomatic that we perpetuate legally sound decisions by applying the correct controlling precedent. *See, e.g.*, *Cardon v. Northwest Airlines, Inc.*, 6th Dist. No. L 89-215, 1990 Ohio App. LEXIS 1349, *4 (Apr. 6, 1990), citing *Mead v. McGraw*, 19 Ohio St. 55, 62 (1869) ("If a statement of law is incorrect, a court should not forbear to correct the error on the principal of stare decisis, but should right the wrong at the earliest opportunity."). This case, as presented, brings these two cornerstones of our role as an appellate court into conflict.

{¶ 23} Our decision in *Enyart III* was premised on the Supreme Court of Ohio's unambiguous holding in *Special Prosecutors* that "Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Special Prosecutors,* 55 Ohio St.2d at 97. Thus, *Special Prosecutors* held that a trial court cannot "vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Id.* at 98.

{¶ 24} Since *Special Prosecutors* was decided, however, the Supreme Court has reversed course. First, in 2011, the court elaborated on *Special Prosecutors* as follows:

> We take this opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure [after an appeal and affirmance of conviction]. These motions provide a safety net for defendants who have

> reasonable grounds to challenge their convictions and sentences. The trial court acts as the gatekeeper for these motions and, using its discretion, can limit the litigation to viable claims only.

*State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, ¶ 37. *See also State v. Walton*, 8th Dist. No. 112235, 2023-Ohio-2879, ¶ 19.

{¶ 25} Second, in 2020—two years after we decided *Enyart III*— the Supreme Court further clarified and limited the holding of *Special Prosecutors* in *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462. After describing *Special Prosecutors* as setting forth the general rule that a trial court "loses jurisdiction to modify its judgment once [it] has been affirmed on [direct] appeal[,]" the *Janas* court emphasized that *Special Prosecutors* does not apply to motions filed under the criminal rules or permitted by statute. *See Janas* at ¶ 11, citing *Davis* at ¶ 37. And, pointedly, the *Janas* decision specifically identified a Crim.R. 32.1 motion to withdraw a guilty or no contest plea as a vehicle for seeking postconviction relief from a final judgment. *Janas* at ¶ 11, fn. 3. *See also State v. Brown*, 8th Dist. No. 112027, 2023-Ohio-2064, ¶ 8-10; *Walton* at ¶ 20.

{¶ 26} As a result, *Special Prosecutors* can no longer be construed as divesting a trial court of its continuing jurisdiction over post-sentence motions that are permitted by the Ohio Rules of Criminal Procedure or Ohio law. *See Janas* at ¶ 11; *Brown* at ¶ 8-10; *Walton* at ¶ 19-22. Contrary to our holding in *Enyart III*, then, we hold that *Special Prosecutors* no longer applies to post-sentence motions to withdraw a guilty or no contest plea filed pursuant to Crim.R. 32.1. We recognize this court has previously held otherwise, even after *Janas* was decided. *See, e.g., State v. Davic*, 10th Dist. No. 19AP-579, 2021-Ohio-131 (finding trial court lacked jurisdiction over appellant's motion to withdraw his guilty plea without acknowledging or considering *Janas*). However, we cannot, in good conscience and in light of *Janas*, continue to adhere—or issue precedent that binds trial courts to adhere—to *Special Prosecutors* in disposing of any postconviction motions authorized by statute or the criminal rules on jurisdictional grounds.[2]

---

[2] We believe our decision to overrule this court's prior precedent is constitutionally prudent. In some instances, categorically prohibiting a criminal defendant from challenging the propriety of his guilty or no contest plea—even after he has been sentenced and his conviction has been affirmed on direct appeal—would run afoul of the constitutional principles and precedent that undergird our criminal justice system. For instance, the United States Supreme Court has held that the Sixth Amendment to the United States Constitution requires an attorney for a criminal defendant to provide accurate advice about the risk of deportation arising from a guilty plea. *See Padilla v. Kentucky*, 559 U.S. 356 (2010); *Lee v. United States*, 582

{¶ 27} Here, the trial court's denial of Mr. Enyart's motion to withdraw his no contest plea was based solely on its determination that, pursuant to *Enyart III* and *Special Prosecutors*, it lacked jurisdiction to consider it. Therefore, the trial court did not consider the merits of the motion before it. As an appellate court, we do not consider arguments that the trial court did not address. *See, e.g.*, *Young v. Univ. of Akron*, 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 22; *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992).

{¶ 28} Based on the foregoing, we find the trial court ***did*** have jurisdiction to consider the merits of Mr. Enyart's motion to withdraw his plea. For this reason, Mr. Enyart's first assignment of error is sustained.

### B. Second Assignment of Error

{¶ 29} In his second assignment of error, Mr. Enyart argues the judgment is void because he claims it is based on fraud. Because our resolution of the first assignment of error is dispositive, however, Mr. Enyart's second assignment of error is moot, and we overrule it on that basis. *See* App.R. 12(A)(1)(c).

## III. CONCLUSION

{¶ 30} Having sustained Mr. Enyart's first assignment of error, and overruled his second assignment of error as moot, we reverse the October 13, 2022 judgment of the Franklin County Court of Common Pleas and remand this matter to the trial court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

MENTEL and BOGGS, JJ., concur.

———————————

U.S. 357 (2017); *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839. In the absence of such advice, a criminal defendant may seek to withdraw their guilty plea by alleging ineffective assistance of counsel.