[Cite as *State v. Enyart*, 2024-Ohio-4802.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 23AP-642 |
| | | (C.P.C. No. 07CR-9135) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Richard E. Enyart, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 3, 2024

**On brief:** [*Mark Wodarcyk*, First Assistant Prosecuting Attorney], and *Darren M. Burgess*, for appellee. **Argued:** *Darren M. Burgess.*

**On brief:** *The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for appellant. **Argued:** *Eric J. Allen.*

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Richard E. Enyart, appeals from the judgment of the Franklin County Court of Common Pleas filed on October 11, 2023 which denied appellant's motion to withdraw plea filed on May 3, 2022.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2007, appellant was charged with numerous sexually oriented felony offenses involving multiple minors and a single count of tampering with evidence. In Franklin C.P. case No. 07CR-6170, appellant was charged with 39 counts, and 34 counts in Franklin C.P. case No. 07CR-9135.

{¶ 3} The facts and procedural history of this case are outlined in our decision regarding appellant's direct appeal in *State v. Enyart*, 10th Dist. No. 08AP-184, 2008-Ohio-6418 ("*Enyart I*"), and the subsequent appeals, *State v. Enyart*, 10th Dist. No. 08AP-

184, 2010-Ohio-5623 ("*Enyart II*"), and *State v. Enyart*, 10th Dist. No. 17AP-507, 2018-Ohio-1071 ("*Enyart III*").

{¶ 4} In *State v. Enyart*, 10th Dist. No. 22AP-645, 2023-Ohio-3373 ("*Enyart IV*"), this court reversed the judgment of the trial court and remanded the matter back to the trial court to rule on appellant's second motion to withdraw his no contest plea. It is now before this court on the merits.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant assigns the following as trial court errors:

> [1.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S 2017 AND 2022 MOTIONS TO WITHDRAW HIS NO CONTEST PLEA[.]

> [2.] THE JUDGMENT IS VOID BECAUSE IT IS BASED UPON FRAUD[.]

## III. STANDARD OF REVIEW

{¶ 6} We review a trial court's denial of a post-sentence motion to withdraw a guilty or no contest plea under the abuse of discretion standard. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206. We address questions of law under a de novo standard of review. *State v. Frye*, 10th Dist. No. 14AP-988, 2015-Ohio-3012. Furthermore, an appellate court may review, sua sponte, a trial court's jurisdiction to entertain a motion to withdraw a plea and that review is de novo. *State v. Vild*, 8th Dist. No. 87742, 2007-Ohio-987, ¶ 12.

{¶ 7} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed." However, even after a sentence has been imposed, a trial court "may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" if it finds such action is necessary "to correct manifest injustice." *Id*. The trial court also granted the state's motion to strike and ordered Mr. Enyart's June 29, 2022 reply and affidavit be stricken from the record. Mr. Enyart does not attribute error to that ruling on appeal, so we will not address it. *See also Enyart III* at ¶ 9; *Enyart IV* at ¶ 16.

{¶ 8} "Manifest injustice" is defined as a " 'fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Lowe*, 10th Dist. No. 14AP-481, 2015-Ohio-382, ¶ 6, quoting *State v.*

*Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. "It has also been defined as 'a clear or openly unjust act,' which exists only in extraordinary cases." *State v Cottrell*, 8th Dist. No. 95053, 2010-Ohio-5254, ¶ 15, quoting *State v. Owens*, 8th Dist. No. 94152, 2010-Ohio-3881, ¶ 9, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). A defendant seeking to withdraw a guilty plea post-sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion. *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 6.

**{¶ 9}** R.C. 2913.31(A) provides in part that "[n]o person, with purpose to defraud, * * * shall do any of the following." Ohio law does not require that there be an object to the commission of a fraud. R.C. 2913.01(B) states: " 'Defraud' means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." Clearly, the existence of an object to the fraud is not required. *State v. Ferrette*, 18 Ohio St. 3d 106, 108 (1985).

**{¶ 10}** However, the applicability of res judicata is a question of law that we review de novo. *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 10. "[I]n criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " *State v. Anderson*, 10th Dist. No. 15AP-897, 2016-Ohio-1089, ¶ 7, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. *See State v. Castile*, 10th Dist. No. 23AP-155, 2023-Ohio-2860, ¶ 10.

## IV. LEGAL ANALYSIS

**{¶ 11}** The arguments put forth by appellant have been repeated ad nauseum now into his current motion to withdraw his no contest plea. "It is well-established that res judicata bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal or a prior motion to withdraw a guilty plea." *State v. Morris*, 10th Dist. No. 19AP-152, 2019-Ohio-3795, ¶ 13. The movant "must not rely on evidence that was in existence or available for use at the time of trial and that [movant] should have submitted at trial if he wished to make use of it." *State v. Murphy*, 10th Dist. No. 15AP-460, 2015-Ohio-4282, ¶ 16.

{¶ 12} According to the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis omitted.) *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. As was explained in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, "the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue," and it "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *See also State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 35.

{¶ 13} "Under that doctrine [of res judicata] 'a defendant cannot raise an issue in a postconviction petition if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis sic.) *State v. Hough*, 10th Dist. No. 21AP-39, 2021-Ohio-2852, ¶ 10, quoting *Jackson* at ¶ 92, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996); *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 19 ("Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated.").

{¶ 14} Appellant had counsel at trial when he entered his no contest pleas and was sentenced. The trial court judgment and sentencing were affirmed on direct appeal. Appellant has attempted to withdraw his pleas in a previous motion that was denied, and this court affirmed the judgment of the trial court. He has provided the trial court with no new evidence to consider establishing that a manifest injustice has occurred. Assignment of error one is overruled.

{¶ 15} As this court so aptly recited appellant's argument in his first motion to withdraw the no contest plea: In support, he claimed to have recently discovered evidence proving that "police illegally searched his home hours before they served [him] with the search warrant." *Enyart III* at ¶ 5. The warrantless entry and search were determined to be proper due to exigent circumstances. *Enyart II* at ¶ 17-18. We summarized that

appellant accused the officers who testified at his January 2008 suppression hearing of perjuring themselves. *Enyart IV* at ¶ 7. Because this issue has been fully litigated, reviewed, and affirmed by the appellate court, we find that the second assignment of error is overruled by the doctrine of res judicata.

## V. CONCLUSION

{¶ 16} Because appellant fails to raise any argument that has not been previously litigated in the trial court and affirmed by appellate courts in his preceding appeals, assignments of error one and two are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

_____