[Cite as *State v. Scheaffer*, 2026-Ohio-114.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 25AP-571 (C.P.C. No. 23CR-3619) |
| v. | : | (REGULAR CALENDAR) |
| Jesse L. Scheaffer, | : | No. 25AP-572 (C.P.C. No. 23CR-4041) |
| Defendant-Appellant. | : | |
| | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on January 15, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee.

**On brief:** *Jesse L. Scheaffer*, pro se.

APPEALS from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Jesse L. Scheaffer, appeals, pro se, from the June 13, 2025 judgment of the Franklin County Court of Common Pleas denying his post-sentence motion to withdraw guilty pleas entered in two cases without a hearing. For the reasons that follow, we affirm the judgment below.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On July 24, 2023, Mr. Scheaffer was indicted in Franklin C.P. No. 23CR-3619 for one count of aggravated burglary. On August 15, 2023, Mr. Scheaffer was separately indicted for menacing by stalking, violating a protection order, and aggravated menacing in Franklin C.P. No. 23CR-4041. We need not belabor the nature of these offenses, as it is not relevant to the issue before us in this case.

{¶ 3}   Mr. Scheaffer originally entered a plea of not guilty to all charges in both cases, and an attorney with the Franklin County Public Defender's Office was appointed to represent him.  Following numerous continuances and hearings regarding pre-trial bond, a trial date was set for September 3, 2024.

{¶ 4}   Of note, the trial court emailed all counsel on August 30, 2024 regarding the upcoming trial date.  Specifically, the court expressed that "[i]f Mr. Scheaffer and the State reach a plea resolution, we will proceed accordingly.  However, if there's no plea agreement, the Court will look towards going forward on [September 3, 2024]. . . . The Court does not feel that a continuance is warranted at this late stage[.]"  (Sept. 3, 2024 emails.)

{¶ 5}   On the morning of the scheduled trial, Mr. Scheaffer informed the trial court of his desire to obtain new counsel.[1]  (*See* Sept. 3, 2024 Letter to Court; Sept. 3, 2024 Tr. at 2-11.)  Mr. Scheaffer alleged that his court-appointed counsel—who had been representing him for over one year—was "not working at a satisfactory level."  (Sept. 3, 2024 Letter to Court.)  Mr. Scheaffer's primary grievances with trial counsel involved communications about his bond conditions in July 2024 and his dissatisfaction about defense counsel's level of communication with him in the month prior to trial.  (*See* Sept. 3, 2024 Letter to Court; Sept. 3, 2024 Tr. at 5-6.)  Defense counsel acknowledged that bond issues have been an "ever-present . . . obstacle" but expressed he would "do everything [he] can for Mr. Scheaffer" and was "not giving up on Mr. Scheaffer or his case."  (Sept. 3, 2024 Tr. at 4.)

{¶ 6}   After hearing from defense counsel and Mr. Scheaffer, the trial court denied Mr. Scheaffer's request for new counsel, citing its concern that Mr. Scheaffer's issues with his appointed counsel were "being raised solely to continue the case and to delay the case." (Sept. 3, 2024 Tr. at 7.)  The court further noted that, excluding continuances for bond hearings, there had been "ten legitimate continuances to bring the case[s] to trial," with the latest continuance entry stating the reason for the continuance was to set the matters—both of which were over one year old—for trial.  (Sept. 3, 2024 Tr. at 7.)  As such, the court

---

[1] The record suggests Mr. Scheaffer's court-appointed counsel may have orally discussed withdrawing as counsel with the trial court at some point in August 2024. (*See* Sept. 3, 2024 Tr. at 3-6, 8; Appellant's Brief at 2.) However, no written petition was filed by trial counsel and no judgment was entered by the trial court at that time formally denying any such request.

advised Mr. Scheaffer he could discuss taking the plea agreement with his appointed counsel, proceed to trial with appointed counsel, or represent himself at trial that day. (Sept. 3, 2024 Tr. at 7-9.)

{¶ 7}   Ultimately, Mr. Scheaffer elected to withdraw his pleas of not guilty and enter into a negotiated plea agreement with plaintiff-appellee, the State of Ohio, while being represented by his court-appointed attorney.  Specifically, the plea agreement provided that in exchange for Mr. Scheaffer's guilty pleas to the offense of aggravated burglary, a first-degree felony, in case No. 23CR-3619, and the offense of aggravated menacing, a first-degree misdemeanor, in case No. 23CR-4041, the state would move to dismiss the menacing by stalking and protection order violation felony offenses indicted in case No. 23CR-4041.  Accordingly, on September 3, 2024, the trial court conducted its Crim.R. 11 plea colloquy, accepted Mr. Scheaffer's guilty pleas, ordered a presentence investigation report, and scheduled the matter for sentencing.

{¶ 8}   On November 21, 2024, Mr. Scheaffer appeared for sentencing with his court-appointed counsel.  The trial court imposed an indefinite prison sentence of 6 to 9 years for the aggravated burglary offense.  Mr. Scheaffer was also sentenced to 180 days in local jail for the aggravated menacing count, ordered to run concurrently to the indefinite prison sentence imposed in case No. 23CR-3619.  The court dismissed the remaining counts charged in case No. 23CR-4041 as requested by the state and terminated that case for time served with no further sanctions.

{¶ 9}   On December 30, 2024, Mr. Scheaffer filed a notice of appeal to this court from the judgment of conviction and sentence entered on November 25, 2024 in the aggravated burglary case.  Because Mr. Scheaffer filed his notice of appeal more than 30 days after the final judgment was entered, we dismissed that appeal as untimely under App.R. 4(A) on January 10, 2025.

{¶ 10} On June 3, 2025, Mr. Scheaffer filed a pro se motion to withdraw his guilty pleas, alleging he was coerced into entering into the negotiated plea agreement after the trial court denied his request to replace appointed counsel.  Mr. Scheaffer also alleged the court's purported bias against him at the November 21, 2024 sentencing hearing further supported a manifest injustice sufficient to warrant the withdrawal of his guilty pleas.

{¶ 11} On June 13, 2025, the trial court denied Mr. Scheaffer's motion without a hearing. Mr. Scheaffer timely appealed from that decision and now asserts the following two assignments of error for our review:

> [I.] WHERE THE TRIAL COURT ABUSED IT'S DISCRETION IN DENYING THE MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO CRIM. R. 32.1 WITHOUT AN EVIDENTIARY HEARING
>
> [II.] WHERE THE TRIAL COURT ABUSED IT'S DISCRETION IN DENYING THE MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO CRIM. R. 32.1

(Sic passim.)

## II. ANALYSIS

{¶ 12} In this appeal, Mr. Scheaffer argues the trial court erred in denying his post-sentence motion to withdraw his guilty pleas without a hearing.

### A. Applicable Law and Standard of Review

{¶ 13} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed." However, even after a sentence has been imposed, a trial court "may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" if it finds such action is necessary "to correct manifest injustice." *See* Crim.R. 32.1. *See also State v. Enyart*, 2023-Ohio-3373, ¶ 16 (10th Dist.).

{¶ 14} "Manifest injustice" is defined as a " 'fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Lowe*, 2015-Ohio-382, ¶ 6 (10th Dist.), quoting *State v. Williams*, 2004-Ohio-6123, ¶ 5 (10th Dist.). " 'It has also been defined as "a clear or openly unjust act," which exists only in extraordinary cases.' " *Enyart* at ¶ 17, quoting *State v Cottrell*, 2010-Ohio-5254, ¶ 15 (8th Dist.), quoting *State v. Owens*, 2010-Ohio-3881, ¶ 9 (8th Dist.), citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998).

{¶ 15} Accordingly, a post-sentence withdrawal of a guilty plea is permissible only in extraordinary cases under the manifest injustice standard. *Enyart* at ¶ 18, citing S*tate v. Honaker*, 2004-Ohio-6256, ¶ 7 (10th Dist.), citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1

post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 2019-Ohio-5206, ¶ 15, citing *State v. Ketterer*, 2010-Ohio-3831, ¶ 59.

{¶ 16} A trial court is not required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Chandler*, 2013-Ohio-4671, ¶ 7 (10th Dist.), citing *State v. Spivakov*, 2013-Ohio-3343, ¶ 11 (10th Dist.), citing *State v. Barrett*, 2011-Ohio-4986, ¶ 9 (10th Dist.). A trial court is only required to conduct a hearing if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *Id.*

{¶ 17} The decision whether to hold a hearing on a post-sentence motion to withdraw a guilty plea and whether to grant or deny the motion is left to the discretion of the trial court. *Straley* at ¶ 15, citing *Smith* at paragraph two of the syllabus, and *State v. Francis*, 2004-Ohio-6894, ¶ 32. As such, our review of a trial court's decision not to hold a hearing on a post-sentence motion to withdraw a guilty plea and its denial of that motion is limited to a determination of whether the trial court abused its discretion. *Chandler* at ¶ 8, citing *State v. Conteh*, 2009-Ohio-6780, ¶ 16 (10th Dist.). Absent a showing of an abuse of discretion, a trial court's decisions regarding a post-sentence motion to withdraw a guilty plea must be affirmed. *Chandler* at ¶ 8, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).

{¶ 18} "[A]buse of discretion connotes that the court's attitude is unreasonable, arbitrary or unconscionable." (Internal quotations omitted.) *State v. Weaver*, 2022-Ohio-4371, ¶ 24, quoting *State v. Gondor*, 2006-Ohio-6679, ¶ 60, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 2020-Ohio-6699, ¶ 19.

{¶ 19} "A decision is unreasonable if there is no sound reasoning process that would support the decision." (Internal quotations omitted.) *Fernando v. Fernando*, 2017-Ohio-9323, ¶ 7 (10th Dist.), quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). A decision is arbitrary if it is made "without consideration of or regard for facts [or] circumstances." (Internal quotations omitted.) *State v. Hill*, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed. 2014). A decision may also be arbitrary if it

lacks an adequate determining principle and is not governed by any fixed rules or standards. *See Beasley* at ¶ 12, citing *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981), quoting *Black's Law Dictionary* 96 (5th Ed. 1979). *See also Hackett* at ¶ 19. A decision is unconscionable if it "affronts the sense of justice, decency, or reasonableness." *Fernando* at ¶ 7, citing *Porter, Wright, Morris & Arthur, L.L.P. v. Frutta Del Mondo, Ltd.*, 2008-Ohio-3567, ¶ 11 (10th Dist.). Further, "[a]n abuse of discretion may also be found where a trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *State v. Harris*, 2023-Ohio-3994, ¶ 73 (10th Dist.), quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.), citing *Berger v. Mayfield Hts.*, 265 F.3d 399, 402 (6th Cir. 2001). *See also Bellamy v. Montgomery*, 2012-Ohio-4304, ¶ 7 (10th Dist.).

{¶ 20} On purely legal questions, we apply de novo review. *New Asian Super Mkt. v. Weng*, 2018-Ohio-1248, ¶ 16 (10th Dist.).

## B. Analysis

{¶ 21} Mr. Scheaffer based his motion to withdraw his guilty pleas on his purported dissatisfaction with his court-appointed trial counsel and the trial court's denial of his request for new appointed counsel on the morning of trial. In his first assignment of error, Mr. Scheaffer contends it was error for the court to rule on his motion to withdraw his guilty pleas without a hearing. In his second assignment of error, Mr. Scheaffer attributes error to the court's finding that he failed to meet the high standard required to show manifest injustice under Crim.R. 32.1.

{¶ 22} It is well-established that " '[r]es judicata generally bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or ***could have raised*** on direct appeal.'" (Emphasis added.) *State v. Lyons*, 2022-Ohio-2224, ¶ 24 (10th Dist.), quoting *Straley*, 2019-Ohio-5206, at ¶ 23, and citing *State v. Mobley*, 2021-Ohio-492, ¶ 11 (10th Dist.). However, res judicata does not bar claims raised in a motion to withdraw a guilty plea that are based on new evidence outside of the trial court record and could not have been raised in an earlier proceeding. *Lyons* at ¶ 24, citing *State v. Brown*, 2006-Ohio-3266, ¶ 12 (10th Dist.). As the applicability of res judicata is a question of law, we apply a de novo standard of review. *Lyons* at ¶ 23, citing *State v.*

*Jefferson*, 2021-Ohio-4188, ¶ 7 (10th Dist.), and *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39.

{¶ 23} Here, Mr. Scheaffer's motion to withdraw his guilty pleas was not based on *new* evidence *outside* of the trial court record. In fact, in his motion to withdraw his guilty pleas and on appeal, Mr. Scheaffer cites to pages of the plea hearing transcript as support for his contention that he did not enter his plea voluntarily due to the trial court's failure to appoint him new counsel. (*See* June 3, 2025 Mot. to Withdraw Guilty Plea at 2-3; Appellant's Brief at 13-14.) Indeed, although no pleading captioned as a motion for appointment of new counsel was filed in either of the cases below, Mr. Scheaffer nonetheless presented his arguments supporting his request for new appointed counsel in a written letter to the trial court and orally at the September 3, 2024 hearing. Mr. Scheaffer also contends that the judge's purported bias and/or prejudice against him further supports his request to withdraw his guilty pleas. He relies on matters contained *within* the record as evidence of the trial court judge's alleged bias against him, which again belies any claim that Mr. Scheaffer lacked access to information necessary to challenge the voluntariness of his guilty pleas on direct appeal. (*See*, *e.g.*, Mot. to Withdraw Guilty Plea at 4; Appellant's Brief at 14-16.)

{¶ 24} It follows, then, that both the voluntariness of his guilty pleas and the propriety of the trial court's failure to appoint new counsel could—and should—have been raised on direct appeal. However, as explained above, Mr. Scheaffer failed to timely appeal from the November 25, 2024 final judgment of conviction entered in his two cases. Under the facts and circumstances of this case, we therefore find that res judicata precludes Mr. Sheaffer from challenging the voluntariness of his counseled guilty pleas through a post-sentence motion to withdraw those pleas. (*See* Appellant's Brief at 13 (alleging "the conversations *on [the] record* [at the] September 3[rd] plea hearing demonstrate the [t]rial [c]ourt's coercion by elimination of options.") (Emphasis added.).)

{¶ 25} Ultimately, all of Mr. Scheaffer's arguments concerning the voluntariness of his guilty pleas—and all of the information upon which they rely—are based entirely on the record from the plea and sentencing hearings. It follows, then, that these arguments were available to him at the time of a direct appeal. More pointedly, too, Mr. Scheaffer could have sought to withdraw his guilty pleas *prior* to sentencing on the grounds they were not

voluntarily entered, which would have subjected his arguments to a more favorable standard. *See*, *e.g.*, *Xie*, 62 Ohio St.3d at 527 (observing that, under Crim.R. 32.1, "a presentence motion to withdraw a guilty plea should be freely and liberally granted" and trial courts "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea").

{¶ 26} Because the arguments Mr. Scheaffer makes in support of his post-sentence motion to withdraw his guilty pleas were available to him at the time of a direct appeal, Mr. Scheaffer's failure to timely litigate these issues precludes him from challenging, for the first time, the voluntariness of the pleas he entered on September 3, 2024 through a post-sentence motion to withdraw his guilty pleas.

{¶ 27} Based on the foregoing, we conclude the trial court did not err in denying Mr. Scheaffer's motion to withdraw his guilty pleas without a hearing, albeit for different reasons than those articulated by the court. Accordingly, we overrule Mr. Scheaffer's first and second assignments of error.

## III. CONCLUSION

{¶ 28} Having overruled Mr. Scheaffer's two assignments of error, we affirm the June 13, 2025 judgment of the Franklin County Court of Common Pleas denying Mr. Scheaffer's motion to withdraw his guilty pleas without a hearing.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

———————————